IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Southern Land and Golf Company, Ltd., and Tidewater Builders, Inc., | ) ) ) | Civil No. 2:03-CV-2189-DCN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| Harleysville Mutual Insurance Company, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Specifically, defendant seeks summary judgment with regard to plaintiffs' bad faith refusal to pay benefits claim. Plaintiffs allege that defendant has, in bad faith, refused to pay proceeds on a Commercial General Liability (CGL) policy issued by defendant in 1999.

Following the motion hearing on December 14, 2010, the court finds that at least two genuine issues of material fact exist. First, whether the state of construction defect law and what constituted an "occurrence" in CGL policies between 1999, when property damage first occurred in this case, and 2003, when plaintiff initially filed suit in state court, gives rise to a bad faith refusal to pay benefits claim.[1] Second, whether the independent claims adjuster, Tim Clarke, had apparent authority such that his statements can be imputed to defendant for the purposes of establishing a bad faith refusal to pay benefits claim. See Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement

---

[1] This issue was first raised by plaintiffs during the motion hearing.

1

Rivers & Tisdale, LLP, 598 S.E.2d 717 (S.C. Ct. App. 2004); Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co., 586 S.E.2d 586 (S.C. 2003).

Accordingly, defendant is not entitled to judgment as a matter of law, and the court **DENIES** defendant's motion for partial summary judgment.

**AND SO IT IS ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**January 3, 2011**
**Charleston, South Carolina**